FILED
02/08/2021
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 2, 2021

**IN RE TA'KORRIA P. ET AL.**

**Appeal from the Juvenile Court for Wilson County**
**No. 2019-JT-10     Charles B. Tatum, Judge**

———————————————————

**No. M2020-01127-COA-R3-PT**

———————————————————

Two parents have appealed from a final order terminating their parental rights. Because neither parent filed their notice of appeal with the clerk of this Court within thirty days after entry of the final order as required by Rule 4(a) of the Tennessee Rules of Appellate Procedure, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

Kimberly E. Wright, Mt. Juliet, Tennessee, for the appellant, Montez Williams

Lee W. McDougal, Gallatin, Tennessee, for the appellant, Kennia Perkins.

Amber L. Seymour, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

This appeal arises out of a petition to terminate parental rights filed by the Department of Children's Services. On June 19, 2020, the trial court entered an order terminating the parental rights of Kennia P., Andrew D., and Montez W. The trial court also determined that there was no just reason for delay and directed the entry of a final judgment as to these three parents under Rule 54.02 of the Tennessee Rules of Civil Procedure. Montez W. filed a notice of appeal with the clerk of the trial court on July 6, 2020, and with the clerk of this Court on August 24, 2020. Kennia P. filed a notice of appeal with the clerk of this Court on September 4, 2020.

Rule 4(a) of the Tennessee Rules of Appellate Procedure requires that a notice of appeal be filed with the clerk of the appellate court within thirty days after entry of the judgment appealed. Neither appellant filed their notice of appeal with the clerk of this Court within thirty days after entry of the June 19, 2020 final order. However, Montez W. asserts that he filed his notice of appeal with the trial court clerk within the time permitted by Rule 4(a), that that the trial court clerk mistakenly accepted the filing, and that he filed the notice with the clerk of this Court as soon as his counsel discovered the error.

Rule 4(a) requires a notice of appeal to be filed with the clerk of this Court. The notice of appeal filed with the trial court clerk was a nullity and did not initiate an appeal as of right. Moreover, the attempted filing with the trial court clerk did not extend the time for filing the notice of appeal with the clerk of this Court.[2] The trial court clerk's decision to file the notice is immaterial. While a trial court clerk may inform counsel when a document has been tendered to the wrong court, it is counsel's responsibility to be familiar with the Tennessee Rules of Appellate Procedure and to ensure documents are filed in the correct court.

We are reluctant to dismiss an appeal involving the termination of parental rights based solely on a failure to comprehend and comply with the Tennessee Rules of Appellate Procedure. Nevertheless, the time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117

---

[1]Tenn. R. Ct. App. 10 states:
This court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] While the 2017 amendment to Rule 4(a) included a one year transitional provision providing additional time to parties who mistakenly filed a notice of appeal with the trial court clerk, that transitional provision expired in 2018.

S.W.3d 252, 255 (Tenn. 2003). The failure to file a timely notice of appeal deprives this Court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008). While a trial court may, under unusual and compelling circumstances, grant an appellant relief from the failure to file a timely notice of appeal under Rule 60 of the Tennessee Rules of Civil Procedure, such relief must be sought in the trial court. Tenn. R. App. P. 4(a), *Advisory Commission Comments; McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792 (Tenn. Ct. App. 1997).

The appeal is hereby dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion.

PER CURIAM